tenorio.Superseding Indictmt

LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

SEP 26 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00078 |
| Plaintiff. ) | **SUPERSEDING INDICTMENT** |
| ) | |
| vs. ) | **BANKRUPTCY FRAUD** [18 U.S.C. §§152(1) and 2] |
| ) | |
| JUAN C. TENORIO and CHARLENE F. TENORIO, ) | |
| Defendants. ) | |

THE GRAND JURY CHARGES:

Introduction

At all times material to this Indictment:

1. A primary purpose of the bankruptcy system was to provide a means for fairly apportioning the property of a debtor who, for whatever reason, had become unable to pay his creditors in a timely fashion.

2. A bankruptcy case began with the filing of a "petition." Creditors were those persons or companies that had a claim or a right to payment from the debtor that arose at the time of or before the bankruptcy court issued its order for relief concerning the debtor.

1

3. Bankruptcy cases fell into different categories, called Chapters. A Chapter 7 case was also known as liquidation. In a Chapter 7 case, a trustee was appointed to collect the debtor's property, convert it to cash, and distribute the cash to creditors.

4. When a bankruptcy petition was filed, it created what was known as an estate. The estate of a debtor meant all rights, title, share, or interests in property owned by the debtor at the time a bankruptcy petition was filed. In a Chapter 7 case, the trustee controlled the property of the estate.

5. In a Chapter 7 the debtor was also required to cooperate with the trustee as necessary to enable the trustee to perform his duties. Such cooperation included a duty of good faith throughout the bankruptcy action. In a Chapter 7 case, the debtor was required to truthfully and fully account for his estate so that creditors could benefit either through liquidation of assets or or restructuring of debt. The debtor was also required to disclose the existence of assets even if their status in bankruptcy was uncertain. It was the Bankruptcy Court that made the final determination as to whether property was an asset of the estate. The debtor could not preempt the court's determination by failing to report or concealing an asset.

6. The principal benefit to a Chapter 7 debtor was the receipt of a Discharge which prohibits unsecured creditors from taking further action against the debtor for debts incurred before the bankruptcy petition was filed.

7. JUAN C. TENORIO was an engineer practicing on Guam and the CNMI and a director and the principal shareholder of Juan C. Tenorio, & Associates, Inc.

8. CHARLENE F. TENORIO was the wife of JUAN C. TENORIO and a shareholder and director of Juan C. Tenorio & Associates, Inc.

9. RITA TENORIO was the mother of JUAN C. TENORIO.

10. On or about October 25, 1983, defendant JUAN C. TENORIO incorporated Juan C. Tenorio & Associates, Inc. on Guam whose business was providing engineering and architectural services.

//

//

11. On or about March 20, 2002, JUAN C. TENORIO and CHARLENE F. TENORIO filed a petition under Chapter 7 of the Bankruptcy Code, Title 11, United States Code, Section 101 et seq., in the United States Bankruptcy Court in the District of Guam. The matter was captioned In Re JUAN CRUZ TENORIO and CHARLENE FRANCES TENORIO, Case Number 02-00096.

12. On or about March 22, 2002, the Bankruptcy Court appointed Robert J. Steffy, Sr. as Trustee of the estate of JUAN C. TENORIO and CHARLENE F. TENORIO in the Chapter 7 bankruptcy proceeding, Case No. 02-00096.

## BANKRUPTCY FRAUD

13. Paragraphs 1 - 12 of the Introduction to this Indictment are hereby realleged and incorporated as if fully set forth herein.

14. From on or about March 20, 2002 to at least April 15, 2004 in the District of Guam, JUAN C. TENORIO and CHARLENE F. TENORIO, aided and abetted each by the other, did knowingly and fraudulently conceal from the trustee charged with the control and custody of property and from the United States Trustee and from creditors of the debtor in a bankruptcy proceeding under Title 11, United States Code, entitled In Re JUAN CRUZ TENORIO AND CHARLENE FRANCES TENORIO, Case Number 02-00096, in the United States Bankruptcy Court in the District of Guam, property belonging to the estate of the debtors, JUAN C. TENORIO and FRANCES C. TENORIO, to-wit: (1) accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel; (2) interests in Knights of Columbus insurance policies, to-wit:

| Policy No. | Insured | Owner |
| --- | --- | --- |
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

3

and (3) interest in:

LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot Number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Mariana Islands, on the Drawing/Cadastral Plat Number 209 R 00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

All in violation of Title 18, United States Code, Sections 152(1) and 2.

Dated this 26th day of September, 2007.

A TRUE BILL.

Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney