HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000
Attorney for Defendants

**FILED**
DISTRICT COURT OF GUAM

OCT – 9 2007 

JEANNE G. QUINATA
Clerk of Court

## DISTRICT COURT OF GUAM

-----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00078 |
| | ) | |
| Plaintiff, | ( | REQUEST FOR JURY |
| | ) | INSTRUCTIONS |
| vs. | ( | |
| | ) | |
| JUAN C. TENORIO and | ( | |
| CHARLENE F. TENORIO, | ) | |
| | ( | |
| Defendants. | ) | |

-----------

Defendants respectfully request that the Court instruct the jury on the

law as set forth in the jury instructions hereto annexed.

Dated, Hagåtña, Guam,

October 9, 2007.

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

(DOCUMENTS/JuryInst.JCTaitano)

**ORIGINAL**

# INDEX

Instruction No. 1: Reasonable Doubt—Defined . . . . . . . . . . . . . . . . . . .  1

Instruction No. 2: Activities Not Charged  . . . . . . . . . . . . . . . . . . . . .  2

Instruction No. 3: Separate Consideration of Single
        Count—Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Instruction No. 4A: Unlawful Concealment of Assets in
        Connection with Bankruptcy Case
        (Defendant Juan C. Tenorio)  . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Instruction No. 4B: Unlawful Concealment of Assets in
        Connection with Bankruptcy Case
        (Defendant Charlene F. Tenorio) . . . . . . . . . . . . . . . . . . . . . . . .  9

Instruction No. 5: Aiding and Abetting  . . . . . . . . . . . . . . . . . . . . . . .  14

Instruction No. 6: Good Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Instruction No. 7: Credibility of Witnesses  . . . . . . . . . . . . . . . . . . . .  17

Instruction No. 8A: Statement by Defendant Juan C. Tenorio . . . . . . . . . .  18

Instruction No. 8B: Statement by Defendant Charlene F. Tenorio . . . . . . .  19

Instruction No. 9: Duty to Deliberate  . . . . . . . . . . . . . . . . . . . . . . . .  20

ii

# AUTHORITIES

Instruction No. 1: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.5 (current ed.).

Instruction No. 2: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.11 (current ed.).

Instruction No. 3: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.13 (current ed.).

Instructions Nos. 4A and 4B: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instructions 15-2 to 15-6 (2007); Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 7.9 (current ed.).

Instruction No. 5: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 5.1 (current ed.).

Instruction No. 6: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 8-1 (2007). *But see United States v. Shipley*, 363 F.3d 962, 966-68 (9th Cir. 2004)(no right to good faith instruction when jury adequately instructed on required intent), *cert. denied*, 543 U.S. 1004 (2004).

Instruction No. 7: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.9 (current ed.).

Instructions Nos. 8A and 8B: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instruction for the Ninth Circuit* Instruction 4.1 (current ed.).

iii

Instruction No. 9: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 7.1 (current ed.).

## INSTRUCTION NO. 1

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

1

## INSTRUCTION NO. 2

## ACTIVITIES NOT CHARGED

The defendants are on trial only for the crime charged in the indictment, not for any other activity or activities.

2

# INSTRUCTION NO. 3

## SEPARATE CONSIDERATION OF SINGLE COUNT—
## MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All of the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

3

INSTRUCTION NO. 4A

UNLAWFUL CONCEALMENT OF ASSETS IN
CONNECTION WITH BANKRUPTCY CASE

(DEFENDANT JUAN C. TENORIO)

*Elements of the Offense*

Defendant Juan C. Tenorio is charged in the indictment with unlawful concealment of assets in connection with a bankruptcy case in violation of Section 152(1) of Title 18 of the United States Code. In order for defendant Juan C. Tenorio to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there existed a case in bankruptcy;

Second, the property described in the indictment belonged to the estate of the debtors;

Third, defendant Juan C. Tenorio concealed property described in the indictment from the trustee charged with the control or custody of property, with all of you agreeing on at least one particular item of that property that was concealed; and

Fourth, defendant Juan C. Tenorio did so knowingly and with intent to defraud the creditors.

4

## Debtors

The word "debtors" means defendants Juan C. Tenorio and Charlene F. Tenorio.

## Property Described in the Indictment

The term "property described in the indictment" means (1) accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, (2) interests in Knights of Columbus insurance policies, to wit:

| Policy No. | Insured | Owner |
|---|---|---|
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

and (3) the following:

> LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot Number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Marianas

5

Islands, on the Drawing/Cadastral Plat Number 209 R 00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

### First Element—Title 11 Case

The first element that the government must prove beyond a reasonable doubt is that there existed a case in bankruptcy under Title 11 of the United States Code.

### Second Element—Property Belonged to Debtor's Estate

The second element that the government must prove beyond a reasonable doubt is that the concealed property belonged to the estate of the debtors.

The term "estate of the debtors" means any right, title, share, or interest in property owned by the debtors or either of them at the time the bankruptcy petition was filed.

The "estate of the debtors" also includes any proceeds, rents, or profits from the property described in the indictment after the bankruptcy petition was filed, except that it does not include earnings from services performed by the debtors or either of them after the commencement of the case.

### Third Element—Concealment

The third element that the government must prove beyond a reasonable

6

doubt is that defendant Juan C. Tenorio concealed property described in the indictment from the trustee charged with the control or custody of property.

The word "conceal" means to secrete, falsify, mutilate, fraudulently transfer, withhold information or knowledge required by law to be disclosed, or to take any action preventing discovery. Since the offense of concealment is a continuing one, the acts of concealing may have begun before as well as after the bankruptcy case began.

The government does not have to prove that the concealment was successful. Even though the property described in the indictment was recovered for the debtors' estate, if defendant Juan C. Tenorio engaged in acts which constitute concealment as I just defined it, you may find that the government has satisfied its burden with respect to this element.

Similarly, the government does not have to prove that the trustee demanded the property alleged to have been concealed. Demand on defendant Juan C. Tenorio for the property is not necessary in order to establish concealment.

### Fourth Element—Knowledge and Intent to Defraud

The fourth element that the government must prove beyond a reasonable doubt is that defendant Juan C. Tenorio acted knowingly and with intent

to defraud the creditors.

An act is done knowingly if it is done voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

An act is done with intent to defraud if it is done with the intent to deceive any creditor, trustee, or bankruptcy judge.

8

INSTRUCTION NO. 4B

## UNLAWFUL CONCEALMENT OF ASSETS IN CONNECTION WITH BANKRUPTCY CASE

### (DEFENDANT CHARLENE F. TENORIO)

*Elements of the Offense*

Defendant Charlene F. Tenorio is charged in the indictment with unlawful concealment of assets in connection with a bankruptcy case in violation of Section 152(1) of Title 18 of the United States Code. In order for defendant Charlene F. Tenorio to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there existed a case in bankruptcy;

Second, the property described in the indictment belonged to the estate of the debtors;

Third, defendant Charlene F. Tenorio concealed property described in the indictment from the trustee charged with the control or custody of property, with all of you agreeing on at least one particular item of that property that was concealed; and

Fourth, defendant Charlene F. Tenorio did so knowingly and with intent to defraud the creditors.

9

*Debtors*

The word "debtors" means defendants Juan C. Tenorio and Charlene F. Tenorio.

*Property Described in the Indictment*

The term "property described in the indictment" means (1) accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, (2) interests in Knights of Columbus insurance policies, to wit:

| Policy No. | Insured | Owner |
|---|---|---|
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

and (3) the following:

> LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot Number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Marianas

10

Islands, on the Drawing/Cadastral Plat Number 209 R 00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

### First Element—Title 11 Case

The first element that the government must prove beyond a reasonable doubt is that there existed a case in bankruptcy under Title 11 of the United States Code.

### Second Element—Property Belonged to Debtor's Estate

The second element that the government must prove beyond a reasonable doubt is that the concealed property belonged to the estate of the debtors.

The term "estate of the debtors" means any right, title, share, or interest in property owned by the debtors or either of them at the time the bankruptcy petition was filed.

The "estate of the debtors" also includes any proceeds, rents, or profits from the property described in the indictment after the bankruptcy petition was filed, except that it does not include earnings from services performed by the debtors or either of them after the commencement of the case.

### Third Element—Concealment

The third element that the government must prove beyond a reasonable

doubt is that defendant Charlene F. Tenorio concealed property described in the indictment from the trustee charged with the control or custody of property.

The word "conceal" means to secrete, falsify, mutilate, fraudulently transfer, withhold information or knowledge required by law to be disclosed, or to take any action preventing discovery. Since the offense of concealment is a continuing one, the acts of concealing may have begun before as well as after the bankruptcy case began.

The government does not have to prove that the concealment was successful. Even though the property described in the indictment was recovered for the debtors' estate, if defendant Charlene F. Tenorio engaged in acts which constitute concealment as I just defined it, you may find that the government has satisfied its burden with respect to this element.

Similarly, the government does not have to prove that the trustee demanded the property alleged to have been concealed. Demand on defendant Charlene F. Tenorio for the property is not necessary in order to establish concealment.

*Fourth Element—Knowledge and Intent to Defraud*

The fourth element that the government must prove beyond a

12

reasonable doubt is that defendant Charlene F. Tenorio acted knowingly and with intent to defraud the creditors.

An act is done knowingly if it is done voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

An act is done with intent to defraud if it is done with the intent to deceive any creditor, trustee, or bankruptcy judge.

## INSTRUCTION NO. 5

## AIDING AND ABETTING

A defendant may be found guilty of unlawful concealment of assets in connection with a bankruptcy proceeding, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, unlawful concealment of assets in connection with a bankruptcy proceeding was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of unlawful concealment of assets in connection with a bankruptcy proceeding; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit unlawful

14

concealment of assets in connection with a bankruptcy proceeding.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

15

## INSTRUCTION NO. 6

## GOOD FAITH

Good faith is an absolute defense to the charges in this case.

If a defendant believed in good faith that he or she was acting properly, even if he or she was mistaken in that belief, and even if others were injured by his or her conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the government. A defendant is under no burden to prove his or her good faith: rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

16

## INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

17

## INSTRUCTION NO. 8A

## STATEMENTS BY DEFENDANT JUAN C. TENORIO

You have heard testimony that defendant Juan C. Tenorio made a statement. It is for you to decide (1) whether defendant Juan C. Tenorio made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Juan C. Tenorio may have made it.

18

# INSTRUCTION NO. 8B

## STATEMENTS BY DEFENDANT CHARLENE F. TENORIO

You have heard testimony that defendant Charlene F. Tenorio made a statement. It is for you to decide (1) whether defendant Charlene F. Tenorio made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Charlene F. Tenorio may have made it.

19

# INSTRUCTION NO. 9

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdicts, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach unanimous verdicts but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

20

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on October 9, 2007, I served the document to which this declaration is annexed on Jeffrey J. Strand, Esq., First Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2007, at Hagåtña, Guam.

REINA Y. URBIEN