# ORIGINAL

1  Tenorio_Jury_Inst.wpd

2  LEONARDO M. RAPADAS
   United States Attorney
3  JEFFREY J. STRAND
   First Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Agana, Guam 96910
   Telephone: (671) 472-7332/7283
6  Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

OCT 10 2007

**JEANNE G. QUINATA**
**Clerk of Court**

7  Attorneys for United States of America

8
9  ## IN THE UNITED STATES DISTRICT COURT

   ## FOR THE DISTRICT OF GUAM
10

11  UNITED STATES OF AMERICA,            )    CRIMINAL CASE NO. 07-00078
                                         )
12              Plaintiff,               )
                                         )    **UNITED STATES'**
13       vs.                             )    [PROPOSED]
                                         )    **JURY INSTRUCTIONS**
14  JUAN C. TENORIO and                  )
    CHARLENE F. TENORIO,                 )
15                                       )
                Defendants.              )
16  _____)

17  The Government hereby requests the Court to instruct the jury as set forth in the attached

18  proposed jury instructions. An unnumbered set, without authorities, is submitted in an electronic

19  format in the event the Court wishes to submit instructions to the jury.

20       RESPECTFULLY SUBMITTED this 9th day of October, 2007.

21
22                                       LEONARDO M. RAPADAS
                                         United States Attorney
23                                       Districts of Guam and NMI
24
                                 By:
25                                       JEFFREY J. STRAND
                                         First Assistant U.S. Attorney
26
27
28

| | | | |
|---|---|---|---|
| | | INDEX | |
| NO. | DESCRIPTION | | PAGE |
| | Preliminary Instructions: | | |
| 1 | Duty of Jury .................................................................................... | | 1 |
| 2 | Bankruptcy Fraud - General Law ....................................................... | | 2 |
| 3 | The Charge - Presumption of Innocence ........................................... | | 4 |
| 4 | What is Evidence .............................................................................. | | 5 |
| 5 | What is Not Evidence ....................................................................... | | 6 |
| 6 | Evidence for Limited Purpose ........................................................... | | 7 |
| 7 | Direct and Circumstantial Evidence .................................................. | | 8 |
| 8 | Ruling on Objections ........................................................................ | | 9 |
| 9 | Credibility of Witnesses ................................................................... | | 10 |
| 10 | Conduct of the Jury .......................................................................... | | 11 |
| 11 | No Transcript Available to Jury ........................................................ | | 12 |
| 12 | Taking Notes..................................................................................... | | 13 |
| 13 | Outline of Trial ................................................................................ | | 14 |
| | Instructions In The Course Of Trial: | | |
| 14 | Cautionary Instruction - First Recess ............................................... | | 15 |
| 15 | Bench Conferences and Recesses ...................................................... | | 16 |
| 16 | Transcript of Recording in English ................................................... | | 17 |
| | Instructions At End Of Case: | | |
| 17 | Duties of Jury to Find Facts and Follow Law .................................... | | 18 |
| 18 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof ............................................................................... | | 19 |
| 19 | Reasonable Doubt - Defined ............................................................. | | 20 |
| 20 | What is Evidence .............................................................................. | | 21 |
| 21 | What is Not Evidence ....................................................................... | | 22 |

-i-

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 22 | Direct and Circumstantial Evidence .............................................................. | 23 |
| 23 | Credibility of Witnesses ................................................................................ | 24 |
| 24 | Evidence of Other Acts of Defendant or Acts and Statements of Others ...... | 25 |
| 25 | Bankruptcy Fraud ......................................................................................... | 26 |
| 26 | Bankruptcy Fraud - Elements ....................................................................... | 27 |
| 27 | Definition - Debtor ....................................................................................... | 28 |
| 28 | Definition - Estate of Debtor ........................................................................ | 29 |
| 29 | Definition - Creditor .................................................................................... | 30 |
| 30 | Definition - Fraudulently Conceals ............................................................. | 31 |
| 31 | Proof of Knowledge or Intent ....................................................................... | 32 |
| 32 | Only One Asset Need be Proven ................................................................... | 33 |
| 33 | Aiding and Abetting ..................................................................................... | 34 |
| 34 | Dates ............................................................................................................ | 35 |
| 35 | Duty to Deliberate ....................................................................................... | 36 |
| 36 | Consideration of Evidence ........................................................................... | 37 |
| 37 | Use of Notes ................................................................................................. | 38 |
| 38 | Jury Consideration of Punishment ............................................................... | 39 |
| 39 | Verdict Form ................................................................................................ | 40 |
| 40 | Communication with the Court ..................................................................... | 42 |

1    INSTRUCTION NO. 1

2    <u>DUTY OF JURY</u>

3    Ladies and gentlemen: You now are the jury in this case, and I want to take a few

4    minutes to tell you something about your duties as jurors and to give you some instructions.

5    These are preliminary instructions. At the end of the trial I will give you more detailed

6    instructions. Those instructions will control your deliberations.

7    You should not take anything I may say or do during the trial as indicating what I

8    think of the evidence or what your verdict should be.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.1 (2003).

-1-

1          INSTRUCTION NO. 2

2          BANKRUPTCY FRAUD - GENERAL LAW

3          Count One of the indictment charges a violation of certain provisions of the bankruptcy

4   fraud statute, Title 18, United States Code, Section 152. Before I instruct you on the elements

5   of bankruptcy fraud, I will give you some instructions on bankruptcy law in general.

6          A bankruptcy case is initiated by the filing of a bankruptcy petition. The person on

7   whose behalf the bankruptcy petition is filed is called the "debtor." The persons or entities that

8   are owed money or that have a claim against the debtor are called "creditors."

9          The filing of a bankruptcy case creates an estate. The estate of the debtor includes all

10  rights, title, share, or interest in property owned by the debtor at the time the bankruptcy petition

11  is filed.

12         After the filing of a bankruptcy case, the debtor must file with the Bankruptcy Court a

13  list of creditors, a schedule of assets and liabilities, a schedule of current income and

14  expenditures, and a statement of the debtor's financial affairs. The debtor must sign each of

15  these documents under penalty of perjury.

16         In the schedule of assets, the debtor is required to disclose the existence of any assets

17  belonging to the debtor, including assets whose immediate status in bankruptcy may be

18  uncertain. It is the Bankruptcy Court that makes the final determination as to whether or not

19  property is an asset of the estate. The debtor may not preempt the Court's determination by

20  failing to report the asset.

21         The filing of the bankruptcy petition operates to stay any action by creditors on their

22  claims against the debtor or his property, unless permission of the bankruptcy court is first

23  obtained. For instance, a creditor may not commence or continue any judicial or administrative

24  action or proceeding against the debtor; nor may a creditor enforce, against the debtor or the

25  property of his or her estate, a judgment obtained before the petition was filed. A creditor may

26  //

27

28                                          -2-

proceed against the debtor or his or her property only after requesting and obtaining from the bankruptcy court relief from the stay.

When a petition is filed under chapter 7 of the bankruptcy code, a trustee is appointed to administer the estate of the debtor. It is the duty of the trustee to collect and sell all the property of the estate (subject to certain exemptions established by statute) in a process known as "liquidation."

The trustee then distributes the money he has obtained through the liquidation to the debtor's creditors.

See:    11 U.S.C. § 101(42) (defining "petition");

11 U.S.C. § 101(13) (defining "debtor");

11 U.S.C. § 101(10) (defining "creditor");

11 U.S.C. § 541(a) (property of the estate);

11 U.S.C. § 521 (debtor's duties)

11 U.S.C. § 341 (meetings of creditors)

11 U.S.C. § 343 (examination of the debtor)

11 U.S.C. § 362(a) (automatic stay)

11 U.S.C. § 362(d) (relief from stay)

11 U.S.C. § 704 (duties of trustee)

11 U.S.C. § 726 (distribution of property of the estate)

Sixth paragraph: 11 U.S.C. § 541; United States v. Weinstein, 834 F.2d 1454, 1461 (9th Cir. 1987); United States v. Moynagh, 566 F.2d 799, 803 (1st Cir. 1977), cert. denied, 435 U.S. 917 (1978), abrogated on other grounds, United States v. Nieves-Burgos, 62 F.3d 431 (1st Cir. 1995); United States v. Schireson, 116 F.2d 881, 882 (3d Cir. 1941)

Seventh paragraph: United States v. Beard, 913 F.2d 193, 197 (5th Cir. 1990); United States v. Jackson, 836 F.2d 324, 329 (7th Cir. 1987); United States v. Cherek, 734 F.2d 1248, 1254 (7th Cir. 1984).

-3-

1

INSTRUCTION NO. 3

2

## THE CHARGE - PRESUMPTION OF INNOCENCE

3      This is a criminal case brought by the United States government. The government

4  charges the defendants with knowingly and fraudulently concealing property from the

5  bankruptcy trustee, the United States trustee, and their creditors. The charge against the

6  defendants are contained in the indictment. The indictment is simply the description of the

7  charge made by the government against the defendants; it is not evidence of anything.

8      In order to help you follow the evidence, I will now give you a brief summary of the

9  elements of the crime which the government must prove to make its case:

10      In order to find the defendants guilty of the crime charged in Count One of the

11  indictment the government must prove beyond a reasonable doubt that:

12      One:  On or about the date alleged in the indictment, the proceeding in bankruptcy was

13      in existence;

14      Two: Defendants JUAN C. TENORIO and CHARLENE F. TENORIO knowingly and

15      fraudulently concealed the property described in the indictment from the custodian of the

16      bankruptcy court; and

17      Three: The property belonged to the estate of the debtor.

18  These instructions are preliminary and the instructions I will give at the end of the case will

19  control.

20      The defendants have pleaded not guilty to the charges and are presumed innocent

21  unless and until proved guilty beyond a reasonable doubt. The defendants have the right to

22  remain silent and never have to prove innocence or present any evidence.

23

24

25

26      AUTHORITY: 9th Cir. Crim. Jury Instr. 1.2 (2003).

27

28      -4-

# INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

AUTHORITY: 9th Cir. Crim. Jury Instr.1.3 (2003).

-5-

INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.4 (2003).

-6-

1    INSTRUCTION NO. 6

2    EVIDENCE FOR LIMITED PURPOSE

3    Some evidence is admitted for a limited purpose only. When I instruct you that an

4    item of evidence has been admitted for a limited purpose, you must consider it only for that

5    limited purpose and for no other.

26    AUTHORITY: 9th Cir. Crim. Jury Instr.1.5 (2003).

28    -7-

# INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: 9th Cir. Crim. Jury Instr.1.6 (2003).

-8-

## INSTRUCTION NO. 8

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.7 (2003).

-9-

INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.8 (2003).

-10-

# INSTRUCTION NO. 10

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.9 (2003).

-11-

INSTRUCTION NO. 11

<u>NO TRANSCRIPT AVAILABLE TO JURY</u>

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

AUTHORITY: 9th Cir. Crim. Jury Instr.1.10 (2003).

-12-

# INSTRUCTION NO. 12

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: 9th Cir. Crim. Jury Instr. 1.11 (2003).

-13-

# INSTRUCTION NO. 13

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

AUTHORITY: 9th Cir. Crim. Jury Instr.1.12 (2003).

-14-

INSTRUCTION NO. <u>14</u>

## CAUTIONARY INSTRUCTION - FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the court security officer to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

AUTHORITY: 9th Cir. Crim. Jury Instr. 2.1 (2003).

-15-

# INSTRUCTION NO. 15

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY: 9th Cir. Crim. Jury Instr. 2.2 (2003).

-16-

INSTRUCTION NO. 16

**TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

AUTHORITY: 9th Cir. Crim. Jury Instr. 2.7 (2003).

-17-

INSTRUCTION NO. 17

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.1 (2003).

-18-

INSTRUCTION NO. 18

CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION
OF INNOCENCE, BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.2 (2003).

-19-

# INSTRUCTION NO. 19

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.5 (2003).

INSTRUCTION NO. 20

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of

(1)     the sworn testimony of witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.6 (2003).

21

INSTRUCTION NO. <u>21</u>

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.7 (2003).

22

INSTRUCTION NO. 22

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.8 (2003).

23

INSTRUCTION NO. _23_

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.9 (2003).

24

## INSTRUCTION NO. 24

### EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
### AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

AUTHORITY: 9th Cir. Crim. Jury Instr. 3.10 (2003).

25

## BANKRUPTCY FRAUD

Count One of the indictment charges a violation of Title 18, United States Code, Section 152(1), namely that from on or about March 20, 2002 to at least April 15, 2004, within the District of Guam, defendants JUAN C. TENORIO and CHARLENE F. TENORIO knowingly and fraudulently concealed from the bankruptcy trustee, their creditors, and the United States Trustee certain property that belonged to the estate of the debtor.

The first paragraph of Section 152 of Title 18 of the United States Code provides, in pertinent part, that:

> A person who--
>
> knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11 [of the Bankruptcy Code], from creditors or the United States Trustee, any property belonging to the estate of the debtor . . .

[shall be guilty of an offense against the laws of the United States.]

AUTHORITY: 2 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u>
§ 24.02 (4th ed. 1990) [The Statute Defining The Offense Charged]
(Modified to reflect the actual language of the statute) and to combine §
24.01 (modified to include reference to the statute -- and to include the
phrase "the estate of the debtor" to track the actual language of the
statute))

26

INSTRUCTION NO. 26

BANKRUPTCY FRAUD - ELEMENTS

In order to sustain its burden of proof for the crime of concealing assets in bankruptcy as charged in count One of the indictment, the government must prove the following three essential elements beyond a reasonable doubt:

One: On or about the date alleged in the indictment, the proceeding in bankruptcy was in existence;

Two: Defendants JUAN C. TENORIO and CHARLENE F. TENORIO knowingly and fraudulently concealed the property described in the indictment from the custodian of the bankruptcy court; and

Three: The property belonged to the estate of the debtor.

AUTHORITY: 2 Devitt, Blackmar & O'Malley, Federal Jury Practice and Instructions § 24.03 (4th ed. 1990) [The Essential Elements of the Offense Charged](modified by adding the word "knowingly" to element number 2; and to simplify element number 3); United States v. Guiliano, 644 F.2d 85, 87 (2d Cir. 1981); United States v. Beery, 678 F.2d 856 (10 th Cir. 1982); Fifth Circuit Pattern Jury Instructions, Criminal, 2.10 (West 1997) [Bankruptcy: Concealment of Assets (Bankruptcy Proceeding Pending)]

27

INSTRUCTION NO. 27

DEFINITION - DEBTOR

The term "debtor" means a person for whom a bankruptcy case has been commenced.

AUTHORITY: 2 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u> § 24.10 (4th ed. 1990) ["Debtor" - Defined](modified by deleting reference to a company).

28

INSTRUCTION NO. _28_

DEFINITION - ESTATE OF DEBTOR

The term "estate of the debtor" means all rights, title, share, or interest in property owned by a debtor at the time a bankruptcy petition is filed.

AUTHORITY: 2 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u> § 24.09 (4th ed. 1990) ["The Estate of the Debtor" - Defined](deleting the last sentence as inapplicable).

29

INSTRUCTION NO. 29

DEFINITION - CREDITOR

The term "creditor" means a person or company that has a claim or a right to payment from the debtor that arose at the time of or before the bankruptcy court issued its order for relief concerning the debtor.

AUTHORITY: 2 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u> § 24.11 (4th ed. 1990) ["Creditor" - Defined].

30

COURT'S INSTRUCTION NO. 30

<u>DEFINITION - FRAUDULENTLY CONCEALS</u>

A person "fraudulently conceals" property of the estate of the debtor when that person knowingly withholds information or property or knowingly acts for the purpose of preventing the discovery of such property intending to deceive or to cheat a creditor, a trustee, a custodian, or a bankruptcy judge.

Fraudulently concealing property of the estate of the debtor may include transferring property to a third party or entity, destroying the property, withholding knowledge concerning the existence or whereabouts of property, or knowingly doing anything else by which that person acts to hinder, delay or defraud any of his creditors.

AUTHORITY:  2 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u>
§ 24.04 (4th ed. 1990) [The Essential Elements of the Offense Charged].

31

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the operations of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made and or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

AUTHORITY: 1 Devitt, Blackmar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 17.07 (4th ed. 1992) [Proof of Knowledge or Intent] (modified to omit the last paragraph).

INSTRUCTION NO. 32

## ONLY ONE ASSET NEED BE PROVED

Count One of the indictment alleges that a number of assets were concealed. It is not necessary for the government to prove that each of the assets identified in Count One was concealed. It is enough if you find beyond a reasonable doubt that, with respect to Count One, at least one asset was concealed, with all of you agreeing on which one.

AUTHORITY: Ninth Circuit Manuel of Model Jury Instructions: Criminal, No. 7.9 (2000) [Specific Issue Unanimity)]; United States v. United States v. Outpost, 552 F.2d 868, 869-70 (9th Cir. 1977) (citing Turner v. United States, 396 U.S. 398 (1970)); United States v. Halbert, 640 F.2d 1000, 1008 (9th Cir. 1981); United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979); see also, Ninth Circuit Manuel of Model Jury Instructions: Criminal, No. 8.101 (2000) [Mail Fraud-Scheme to Obtain Money or Property by False Promises (second paragraph)].

33

INSTRUCTION NO. 33

AIDING AND ABETTING

A defendant may be found guilty on a particular charge, even if the defendant personally did not commit the act or acts constituting the crimes but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting any particular crime charged in the Indictment, the government must prove beyond a reasonable doubt:

First, that crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit that crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping a person commit that crime. The government is not required to prove precisely which person actually committed the crime and which person aided and abetted..

AUTHORITY: 9th Cir. Crim. Jury Instr.5.1 (2003).

34

# INSTRUCTION NO. 34

## DATES

The indictment charges that the crimes occurred on approximately a certain date or between certain dates. The Government does not have to prove that the crimes happened on those exact dates. But the Government must prove that the crimes occurred reasonably close to the dates alleged in the indictment.

AUTHORITY: <u>U.S. v. Laykin</u>, 886 F.2d 1534, 1543 (9th Cir. 1989).

35

INSTRUCTION NO. <u> 35 </u>

<u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.1 (2003).

36

INSTRUCTION NO. 36

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.2 (2003).

37

INSTRUCTION NO. <u>37</u>

<u>USE OF NOTES</u>

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.3 (2003).

38

INSTRUCTION NO. _38_

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.4 (2003).

39

INSTRUCTION NO. 39

## VERDICT FORM

     A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.5 (2003).

40

INSTRUCTION NO. __40__

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will respond to the jury concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: 9th Cir. Crim. Jury Instr. 7.6 (2003).

41