LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 1 2 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN C. TENORIO and<br>CHARLENE F. TENORIO,<br><br>Defendants. | CRIMINAL CASE NO. 07-00078<br><br>**GOVERNMENT'S MEMORANDUM REGARDING WAIVER OF ATTORNEY CLIENT PRIVILEGE** |

The defendants are charged in the superseding indictment with bankruptcy fraud, in violation of 18 U.S.C. §§ 1521(a) and 2, in connection with the bankruptcy petition and schedules filed in <u>In Re Juan Cruz Tenorio and Charlene Frances Tenorio</u>, Case No. 02-00096, in the U.S. Bankruptcy Court in the District of Guam. George M. Butler ("Butler") of the Law Offices of Butler and Telford Butler was counsel of record for defendants in the bankruptcy case.

The government has subpoenaed bankruptcy attorney Butler for trial in anticipation that the defendants may raise a claim involving his or her discussions with and good faith reliance on advice and performance of bankruptcy counsel. The government expects that attorney Butler will be a hostile witness, see Exhibit A, when it examines him in order to address and/or refute the defendant's claim.

In United States v. Bauer, 132 F.3d 504, 508 (9th Cir. 1997), the Ninth Circuit reversed a defendant's bankruptcy fraud conviction and held that the testimony of a bankruptcy attorney regarding his discussion with his client about the duty to disclose all property in his bankruptcy petition was covered by the attorney-client privilege. Bauer's defense at trial was that he did not possess the requisite criminal intent for the conviction, but rather acted out of ignorance, mistake, or stupidity. Id. at 510. However, unlike in Bauer, in this case, if any defendant places the substance of his or her communication with bankruptcy counsel or his advice in issue then the privilege will have been waived and it will be appropriate for the government to call attorney Butler as a hostile witness.

It is well settled that a defendant waives the attorney client privilege through the assertion of the advice of counsel defense. Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992)(waiver of privilege implied through the assertion of advice of counsel defense). Moreover, "'[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield.'" United States v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997)(quoting Chevron, 974 F.2d at 1162). See United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999)(claim that government disparaged trial counsel, which led to discharge of counsel, waived claim that communications between defendant and counsel were privileged); Tennenbaum v. Deloitte & Touche, 77 F.3d 337, 341 n.4 (9th Cir. 1996)(fairness requires disclosure when the privilege holder raises a claim or defense in litigation that puts in issue privileged communications); United States v. Gray, 2007 WL 1848030 (N.D. Cal. June 27, 2007).

RESPECTFULLY SUBMITTED this _____ day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

-2-

# LAW OFFICES OF
# BUTLER & TELFORD BUTLER

SUITE 203, AMERICAN LIFE BUILDING, 137 MURRAY BOULEVARD
◆ HAGÅTÑA, GUAM 96910 ◆

George M. Butler  
Carol Ann Telford Butler

Telephone: (671) 475-0200  
Facsimile: (671) 475-0203

October 9, 2007

Jeffery J. Strand  
First Assistant U.S. Attorney  
District of Guam & NMI  
Suite 500, 108 Hern0an Cortes Avenue  
Hagatna, Guam 96910  
Fax: 472-7186

Re: **United States of America v. Juan C. and Charlene Tenorio**
    **Criminal Case 07-00078**

Dear Mr. Strand:

Please be informed that, after careful consideration, I have decided not to meet with any representatives of your office between now and the trial date in the above referenced matter currently scheduled for October 16, 2007 at 9:00 A.M. I have spoken for more than two hours with the FBI and a similar amount of time with the IRS concerning bankruptcy matters in general. There is no further information that I feel that I need to give. I am also concerned that your questions are frequently directed towards communications between my clients and myself which information is privileged under attorney-client confidentiality. At trial, I will assert that privilege regarding any specific communications between my clients and myself. If you attempt to prove communications between my clients and myself through more general questions regarding bankruptcy procedure and practice, my answers will be on a question-by-question basis. If I feel that the general question is offered for the purpose of proving specifics about the Tenorio case, I will assert the attorney-client privilege and allow you to argue the point with Mr. Trapp. Obviously, I will abide by any evidentiary ruling made by the U.S. District Judge with respect to the nature and scope of the privilege.

Very truly yours,

*George M. Butler*

**GEORGE M. BUTLER**

GMB/gp

GOVERNMENT EXHIBIT A