(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

FILED
DISTRICT COURT OF GUAM
OCT 17 2007
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-00078 |
| Plaintiff, | MEMORANDUM ON RECONSIDERATION OF MAGISTRATE JUDGE'S DETERMINATION TO PERMIT JOINT REPRESENTATION |
| vs. | |
| JUAN C. TENORIO and CHARLENE F. TENORIO, | |
| Defendants. | |

------------

"A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." (Fed. R. Crim. P. 59(a).)

Chief Judge Frances M. Tydingco-Gatewood referred to United States Magistrate Judge Joaquin V.E. Manibusan, Jr., an inquiry about the propriety of joint representation. (Notice of Motion for Fed. R. Crim. P. 44(c) Inquiry About

(MEMORANDUM ON RECONSIDERATION OF MAGISTRATE JUDGE'S DETERMINATION TO PERMIT JOINT REPRESENTATION)
Criminal Case No. 07-00078

the Propriety of Joint Representation (filed Sept. 24, 2007).)

"A magistrate judge may conduct the hearing as a pretrial nondispositive matter to ensure that the defendants' waiver of potential conflict of interest in the joint representation is made voluntarily and knowingly." (28 James Wm. Moore et al., *Moore's Federal Practice* § 659.07[9] (3d ed. 2007).)

Judge Manibusan inquired about the propriety of joint representation. He personally advised each Defendant of the right to the effective assistance of counsel, including separate representation. He made a determination to permit joint representation.

Judge Tydingco-Gatewood proposes to reconsider Judge Manibusan's determination.

Clearly Judge Tydingco-Gatewood has the power, by statute (*see* 28 U.S.C. 636(b)(1)(A)), to review Judge Manibusan's determination on her own motion. (Fed. R. Crim. P. 59 advisory committee's note (2005)("the district judge retains the authority to review any magistrate judge's decision").) *That review, however, is highly limited.* A district judge may "reconsider" a magistrate judge's

2

(MEMORANDUM ON RECONSIDERATION OF MAGISTRATE JUDGE'S DETERMINATION TO PERMIT JOINT REPRESENTATION)
Criminal Case No. 07-00078

determination only when the magistrate judge's determination is "clearly erroneous or contrary to law" (28 U.S.C. § 636(b)(1)(A)), "the traditional appellate standard of review." (28 James Wm. Moore et al., *Moore's Federal Practice* § 659.12[1] (3d ed. 2007).)

Is Judge Manibusan's determination clearly erroneous? Is Judge Manibusan's determination contrary to law? That the determination of Judge Manibusan is neither clearly erroneous nor contrary to law is clearly supported by *United States v. Lightbourne*, 104 F.3d 1172 (9th Cir. 1997)("district court has 'substantial latitude' in determining whether to permit or prevent joint representation—a latitude necessary to avoid whipsawing on appeal, with the decision to require new counsel being attacked as denial of the right to choose one's

--------------------

(MEMORANDUM ON RECONSIDERATION OF MAGISTRATE JUDGE'S DETERMINATION TO PERMIT JOINT REPRESENTATION)
Criminal Case No. 07-00078

own counsel or the decision to let the choice of one counsel stand being attacked as permitting a conflict").)

Dated, Hagåtña, Guam,

October 17, 2007.

Respectfully submitted,

/s/ Howard Trapp
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

(Appendix follows.)

(DOCUMENTS/Memo.JCTaitano)

4

# APPENDIX

## 28 U.S.C. § 636(b)(1)(A)

Notwithstanding any provision of law to the contrary—a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Fed. R. Crim. P. 59(a)

**Nondispositive Matters.** A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 10 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on October 17, 2007, I served the document to which this declaration is annexed on Jeffrey J. Strand, Esq., First Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN