(ryu)
HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

DISTRICT COURT OF GUAM

-----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00078 |
| | ) | |
| Plaintiff, | ( | DEFENDANTS' REPLY TO |
| | ) | GOVERNMENT'S MOTION |
| vs. | ( | FOR RECONSIDERATION |
| | ) | |
| JUAN C. TENORIO and | ( | |
| CHARLENE F. TENORIO, | ) | |
| | ( | |
| Defendants. | ) | |

-----------

The argument—that the Government has been denied its appellate rights—is less than ingenuous. If the objection had been sustained before trial, the Government would not have appealed. It would have simply procured a second superseding indictment.

Defendants have objected—during trial—to the admission of certain evidence. The objection has been sustained. The striking of the allegation in

**ORIGINAL**

question is nothing more than mere housekeeping: creating a "clean" version of the indictment for submission to the jury or instructing the jury to disregard the allegation in question or not submitting the indictment to the jury at all.

The allegation in question is not "a defect in instituting the prosecution." (Fed. R. Crim. P. 12(b)(3)(A).) It is not "a defect in the indictment." (Fed. R. Crim. P. 12(b)(3(B).) It is surplusage—"irrelevant or superfluous words or matter." (Webster's New World College Dictionary 1441 (4th ed. 2004).)

Defendants did not make a motion to suppress evidence. Rather, they objected to the admission of evidence. A motion to suppress evidence implicates "the exclusionary rule." (1A Charles Alan Wright *Federal Practice and Procedure* § 193, at 351 (3d ed. 1999).)

The Federal Rules of Criminal Procedure are silent on when a motion to strike must be raised. However, a motion to strike—made on the grounds that an allegation is not relevant to the charge—is analogous to a claim that the indictment fails to state an offense. And a court may hear a claim that the indictment fails to state an offense "at any time while the case is pending." (Fed.

2

R. Crim. P. 12(b)(3)(B); *see also, Hotch v. United States*, 208 F.2d 244, 249-50 (9th Cir. 1953)("On Petition for Rehearing").)

The Government concedes that the indictment must describe the property concealed:

### AMENDED INSTRUCTION NO. 26
### BANKRUPTCY FRAUD - ELEMENTS

In order to sustain its burden of proof for the crime of concealing assets in bankruptcy as charged in count One of the indictment, the government must prove the following three essential elements beyond a reasonable doubt:

One: On or about the date alleged in the indictment, the proceeding in bankruptcy was in existence;

Two: Defendants Juan C. Tenorio and Charlene F. Tenorio knowingly and fraudulently concealed *the property described in the indictment* from the trustee charged with the control and custody of property, from the United States Trustee, and from their creditors in bankruptcy; "and

Three: The property belonged to the estate of the debtor.

(United States' [Proposed] Amended Jury Instruction No. 26, at 2 (filed Nov. 26, 2007)(emphasis added).)

3

*United States v. Webster*, 125 F.3d 1024 (7th Cir. 1997), *cert. denied*, 522 U.S. 1051 (1998), is an aberration. The very panel which decided *Webster* said:

> The government told us at oral argument that, at the time it filed this indictment, it knew the identity of the debtor whose estate was involved and the property being concealed. Yet it did not provide that information in the indictment. We do not understand why the government filed such a scanty indictment.

(125 F.3d at 1031 n.7.) And the very court which decided *Webster* approves the following:

### 18 U.S.C. § 152(1)
### (Elements)

> To sustain the charge of concealment of property belonging to the estate of a debtor in a bankruptcy proceeding, the government must prove the following propositions:
>
> First, a bankruptcy proceeding existed under Title 11;
>
> Second, *[identify property or assets]* belonged to the bankrupt estate;
>
> Third, the defendant concealed *[identify property or assets]* from [creditors, custodian, trustee, marshal,

   United States Trustee or other person charged with control of custody of such property]; and,

   Fourth, the defendant acted knowingly and fraudulently.

   If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

   If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

(*Pattern Criminal Federal Jury Instructions for the Seventh Circuit* 106 (current ed.)(emphasis added).)

   Dated, Hagåtña, Guam,

   December 11, 2007.

         Respectfully submitted,

         _____
         HOWARD TRAPP
         For HOWARD TRAPP INCORPORATED
         Attorney for Defendants

(DOCS/Memo.RplyGovMtnRecon.JCTaitano)

5

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on December 11, 2007, I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 11, 2007, at Hagåtña, Guam.

REINA Y. URBIEN