**FILED**
DISTRICT COURT OF GUAM

DEC 18 2007

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-00078 |
| Plaintiff, | |
| vs. | |
| JUAN C. TENORIO and CHARLENE F. TENORIO, | |
| Defendants. | |

**CONCLUDING JURY INSTRUCTIONS**

Dated: _December 18, 2007_

_[signature]_

District Court Chief Judge
Frances M. Tydingco-Gatewood

ORIGINAL

# COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done as suggesting what verdict you should return -- that is a matter entirely up to you.

# COURT'S INSTRUCTION NO. 2

## CHARGES AGAINST DEFENDANT NOT EVIDENCE-PRESUMPTION
## OF INNOCENCE-BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charge. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 3

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

     (1)    the sworn testimony of any witness; and

     (2)    the exhibits which have been received into evidence.

# COURT'S INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO.7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 8
## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from a person who, because of his education or experience, is permitted to state opinions and the reasons for his opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**COURT'S INSTRUCTION NO. 9**

**EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS-JUAN C. TENORIO**

You are here only to determine whether the defendant, Juan C. Tenorio, is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charge against the defendants.

# COURT'S INSTRUCTION NO. 10

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS-CHARLENE F. TENORIO

You are here only to determine whether the defendant, Charlene F. Tenorio, is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charge against the defendants.

# COURT'S INSTRUCTION NO. 11

## ACTIVITIES NOT CHARGED

The defendants are on trial only for the crime charged in the indictment, not for any other activity or activities.

# COURT'S INSTRUCTION NO. 12

## SEPARATE CONSIDERATION OF SINGLE COUNT-MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All of the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

## COURT'S INSTRUCTION NO. 13
## STATEMENTS BY DEFENDANT JUAN C. TENORIO

You have heard testimony that defendant Juan C. Tenorio made a statement. It is for you to decide (1) whether defendant Juan C. Tenorio made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Juan C. Tenorio may have made it.

# COURT'S INSTRUCTION NO. 14

## STATEMENTS BY DEFENDANT CHARLENE F. TENORIO

You have heard testimony that defendant Charlene F. Tenorio made a statement. It is for you to decide (1) whether defendant Charlene F. Tenorio made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Charlene F. Tenorio may have made it.

**COURT'S INSTRUCTION NO. 15**

**DEFENDANT JUAN C. TENORIO'S DECISION TO TESTIFY**


The defendant, Juan C. Tenorio, has testified. You should treat this testimony just as you would the testimony of any other witness.

# COURT'S INSTRUCTION NO. 16
## DEFENDANT CHARLENE F. TENORIO'S DECISION TO TESTIFY

The defendant, Charlene F. Tenorio, has testified. You should treat this testimony just as you would the testimony of any other witness.

## COURT'S INSTRUCTION NO. 17
## BANKRUPTCY FRAUD-ELEMENTS-JUAN C. TENORIO

The defendant, Juan C. Tenorio, is charged in the indictment with Bankruptcy Fraud in violation of 18 U.S.C. § 152(1). In order for the defendant, Juan C. Tenorio, to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**: There existed a case in bankruptcy, to wit: In Re JUAN CRUZ TENORIO AND CHARLENE FRANCES TENORIO, Case Number 02-00096;

**Second**: The property described in the indictment, belonged to the estate of the debtor;

**Third**: The defendant, Juan C. Tenorio concealed property described in the indictment from the trustee, or U.S. Trustee, or creditors, with all of you agreeing on at least one particular item of that property that was concealed;

**Fourth**: The defendant, Juan C. Tenorio did so knowingly and with intent to defraud.

## COURT'S INSTRUCTION NO. 18

## BANKRUPTCY FRAUD-ELEMENTS-CHARLENE F. TENORIO

The defendant, Charlene F. Tenorio, is charged in the indictment with Bankruptcy Fraud in violation of 18 U.S.C. § 152(1). In order for the defendant, Charlene F. Tenorio to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**: There existed a case in bankruptcy, to wit: In Re JUAN CRUZ TENORIO AND CHARLENE FRANCES TENORIO, Case Number 02-00096;

**Second**: The property described in the indictment, belonged to the estate of the debtor;

**Third**: The defendant, Charlene F. Tenorio concealed property described in the indictment from the trustee, or U.S. Trustee, or creditors, with all of you agreeing on at least one particular item of that property that was concealed;

**Fourth**: The defendant, Charlene F. Tenorio did so knowingly and with intent to defraud.

# COURT'S INSTRUCTION NO. 19

## PROPERTY DESCRIBED IN THE INDICTMENT

Property described in the indictment means:

(1) accounts receivable of approximately $74,817.05 from a contract between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, (2) interest in Knights of Columbus insurance policies, to wit:

| Policy No. | Insured | Owner |
|---|---|---|
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

and (3):

LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Marianas Islands, on the Drawing/Cadastral Plat Number 209 R00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

**DATES**

The indictment charges that the crimes occurred on approximately a certain date or between certain dates. The Government does not have to prove that the crimes happened on those exact dates. But the Government must prove that the crimes occurred reasonably close to the dates alleged in the indictment.

# COURT'S INSTRUCTION NO. 21

## DEFINITION-DEBTOR

The word "debtors" means defendants Juan C. Tenorio and Charlene F. Tenorio.

# COURT'S INSTRUCTION NO. 22
## KNOWINGLY-DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## COURT'S INSTRUCTION NO. 23
### DEFINITION-FRAUDULENTLY CONCEALS

A person "fraudulently conceals" property of the estate of the debtor when that person knowingly withholds information or property or knowingly acts for the purpose of preventing the discovery of such property intending to deceive or cheat a creditor, a trustee, or a custodian.

Fraudulently concealing property of the estate of the debtor may include transferring property to a third party or entity, destroying the property, withholding knowledge concerning the existence or whereabouts of property, or knowingly doing any thing else by which that person acts to hinder, delay or defraud any of his creditors.

**COURT'S INSTRUCTION NO. 24**

**DEFINITION-ESTATE OF DEBTOR**

The term "estate of the debtors" means any right, title, share, or interest in property owned by the debtors or either of them at the time the bankruptcy petition was filed.

The "estate of the debtors" also includes any proceeds, rents, or profits from the property described in the indictment after the bankruptcy petition was filed, except that it does not include earnings from services performed by the debtors or either of them after the commencement of the case.

# COURT'S INSTRUCTION NO. 25
## DEFINITION-CREDITOR

The term "creditor" means a person or company that has a claim or a right to payment from the debtor that arose at the time of or before the bankruptcy court issued its order for relief concerning the debtor.

# COURT'S INSTRUCTION NO. 26
## ONLY ONE ASSET NEED BE PROVED

The indictment alleges that three assets were concealed. It is not necessary for the government to prove that each of the assets identified in the indictment was concealed. It is enough if you find beyond a reasonable doubt that, with respect to the indictment, at lease one asset was concealed, with all of you agreeing on which one.

# COURT'S INSTRUCTION NO. 27
## AIDING AND ABETTING

A defendant may be found guilty of Bankruptcy Fraud, even if the defendant personally did not commit the act or acts constituting the crimes, but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting any particular crime charged in the Indictment, the government must prove beyond a reasonable doubt:

First, that Bankruptcy Fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit Bankruptcy Fraud; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping a person commit Bankruptcy Fraud.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

# COURT'S INSTRUCTION NO. 28

## GOOD FAITH

Good faith is an absolute defense to the charges in this case.

If a defendant believed in good faith that he or she was acting properly, even if he or she was mistaken in that belief, and even if others were injured by his or her conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the government. A defendant is under no burden to prove his or her good faith: rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 29
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 30
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

**COURT'S INSTRUCTION NO. 31**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 32

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 33

## VERDICT FORM

Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your foreperson will fill in the forms that have been given to you, sign and date them and advise the Court that you are ready to return to the courtroom.

# COURT'S INSTRUCTION NO. 34
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.