(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

FILED
DISTRICT COURT OF GUAM

DEC 2 7 2007

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( ) | Criminal Case No 07-00078 |
| Plaintiff, | ( ) | MEMORANDUM IN SUPPORT OF MOTION FOR A JUDGMENT OF ACQUITTAL |
| vs. | ( ) | |
| JUAN C. TENORIO and CHARLENE F. TENORIO, | ( ) ( ) | |
| Defendants. | ( ) | |

------------

The only property which the jury found to have been concealed by Defendant Juan C. Tenorio is the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited. (Verdict (Interrogatory/Juan C. Tenorio)(filed Dec. 19, 2007).)

(MEMORANDUM IN SUPPORT OF MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

The statute which Defendants are alleged to have violated provides,

> A person who . . . knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any *property belonging to the estate of a debtor* . . . shall be fined under this title, imprisoned not more than 5 years, or both.

(18 U.S.C. § 152(1)(emphasis added).)

The accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were not property of Defendants and therefore could not become property belonging to the estate of Defendants:

> The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate. Hence, the question of an exemption does not arise. *See* 2 *Collier on Bankruptcy* § 101.30[3], pg. 101-96 (15th ed. rev.)(stating that "while the individual's interest in the partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be."); *Ginsberg and Martin on Bankruptcy* § 5.01[B] (stating that "the interest in question [an interest included in the estate] must be the debtor's property. For

2

(MEMORANDUM IN SUPPORT OF MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

> example, if the debtor owns shares in a corporation, the shares become part of the estate; the assets of the corporation do not.").

(*Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005).)

No rational trier of fact could have found proof that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants.

The motion of Defendant Juan C. Tenorio—for an order setting aside the verdict of guilty and entering a judgment of acquittal—must be granted.

Dated, Hagåtña, Guam,

December 27, 2007.

Respectfully submitted,

*/s/ Howard Trapp*
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

(DOCUMENTS/Memo/MtnJgmtAcqt.JCTenorio)

3

# DECLARATION OF SERVICE

I, Carlos R. Taitano, declare that I am an investigator employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on December 27, 2007, I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2007, at Hagåtña, Guam.

CARLOS R. TAITANO