# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00078 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECISION AND ORDER ON** |
| | ) | **GOVERNMENT'S** |
| vs. | ) | **MOTION FOR RECONSIDERATION** |
| | ) | **OF COURT'S RULING TO STRIKE** |
| | ) | **MATTER AS SURPLUSAGE** |
| | ) | |
| JUAN C. TENORIO and, | ) | |
| CHARLENE F. TENORIO | ) | |
| Defendants. | ) | |

On December 12, 2007, the Government's Motion for Reconsideration came before this court. The Motion for Reconsideration was based on the court's December 7, 2007 ruling that granted the Defendants' Motion to Strike Matter as Surplusage. (*See* Docket No. 74). After hearing argument, testimony from a witness[1], and reviewing applicable case law concerning the issue, the court reversed its previous decision, and granted the motion. The court herein memorializes the bases for its decision.

## **BACKGROUND**

---

[1] Without objection from the Defendants, Curtis Ching, an attorney from the U.S. Trustee's Office provided testimony.

1

On March 20, 2002, Defendants Juan C. Tenorio and Charlene F. Tenorio filed a voluntary petition for personal bankruptcy in the United States Bankruptcy Court in the District of Guam. (*See* Bankruptcy Case No. 02-00096, Docket No. 1).[2] On April 15, 2004, they received a Discharge, and on the same day the court issued an Order Approving of the Trustee's Report of No Distribution and Closing Case. (*See* Docket Nos. 7 and 8).

On August 15, 2007, the Defendants were indicted in the Federal District Court of Guam on four counts of bankruptcy fraud, arising out of their 2002 personal bankruptcy filing. (*See* Docket No. 1). On September 26, 2007, a Superseding Indictment was filed with the court, alleging a single count of bankruptcy fraud, wherein the Defendants were alleged to have knowingly and fraudulently concealed three individual assets that they should have listed in the 2002 bankruptcy petition. The assets described in the Superseding Indictment were:

> (1) accounts receivable of approximately $74,817.05 from a contract between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel,

///

///

///

---

[2]On August 25, 1999, Juan C. Tenorio & Associates, Inc., filed a Chapter 11 bankruptcy Petition in the Bankruptcy Court in the District of Guam. *See* In Re Juan C. Tenorio & Associates, Inc., Case No. 99-00084. The case was converted to a Chapter 7 liquidation on December 7, 1999. *See* Docket No. 13.

(2) interest in Knights of Columbus insurance policies, to wit:

| Policy No. | Insured | Owner |
| --- | --- | --- |
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

and (3):

> LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot Number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Mariana Islands, on the Drawing/Cadastral Plat Number 209 R00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

(*See* Docket No. 29 at 3-4).

On December 6, 2007, this case came before the court for jury trial. After the jury had been sworn in and jeopardy had attached, the Defendants filed a Motion to Strike Matter as Surplusage (*See* Docket No. 74), and supporting memorandum (*See* Docket No. 75). The Defendants argued that the first asset described in the Superseding Indictment should be struck as surplusage because it was not "relevant to the charge of unlawful concealment of assets in connection with a bankruptcy case and that it [was] prejudicial to Defendants." (*See* Docket No. 74 at 2). Defendants also filed an Objection to Admission of Evidence (*See* Docket No. 76).

Specifically, the Defendants argued that the term "accounts receivable" concerned a corporate asset, which they did not need to declare in their personal bankruptcy petition. To support their argument, the Defendants cited to *Fowler v. Shadel*, a Seventh Circuit case which held that the corporate assets of the defendant Fowler's trucking company were "not property of the debtor and therefore [were not] property of Fowler's bankruptcy estate." 400 F.3d 1016, 1019 (7th Cir. 2005).

After hearing from counsel on the issue, the court held the matter under advisement and informed the parties that it would render its decision the next day.

On December 7, 2007, the court granted the Defendants' Motion to Strike Matter as Surplusage and sustained the objection to the admission of evidence. (*See* Docket No. 78). At that time, the court understood that the Defendants were arguing that a corporate asset (*i.e.* accounts receivable) was not listed in the personal bankruptcy schedules.[3] The Government subsequently filed a Motion for Reconsideration on December 10, 2007. (*See* Docket No. 82).

In its Motion for Reconsideration, the Government argued that the Defendants' Motion was in essence, a Motion to Suppress. Therefore, under FRCrP Rule 12(b)(3)(B)[4], the issue must have been pled while the case was pending. There are only two exceptions to the requirement of Rule 12. All motions must be raised while the case is pending, unless the motion claimed a defect in the court's jurisdiction or failure to state an offense. FRCrP Rule 12(b)(3)(B). The Government reasoned that the Defendants' Motion did not fall into either of the exceptions to Rule 12, and that the issue was waived because it was not raised while the case was pending. It appears to the court, however, that the Defendants attempted to file a Motion for failure to state an offense, which, falls

---

[3] The court acknowledges that if the Superseding Indictment described corporate assets to be owned by the corporation, Juan C. Tenorio & Associates, Inc., the Defendants would be correct in its assertion that those assets need not be disclosed because corporate assets do not need to be listed in a personal bankruptcy petition. The court does not disagree with the holding or reasoning of *Fowler*, but holds that it is distinguishable from the current case, in light of the language contained within the Superceding Indictment.

[4] Rule 12(b)(3) Motions That Must Be Made Before Trial, states in relevant part that, "The following must be raised before trial: (A) a motion alleging a defect in instituting the prosecution; (B) a motion alleging a defect in the indictment or information-but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." FRCrP Rule 12(b)(3).

4

under the exception to Rule 12 and may be raised "at any time while the case is pending." FRCrP Rule 12 (b)(3)(B).

On December 12, 2007 the court heard the motion and reversed its previous ruling. It ruled that the language "accounts receivable" was not surplusage and overruled the objection to the admission of evidence. The court found that the asset described was personal in nature, and not a corporate asset as argued by the Defendants. The court further memorializes the bases for its decision herein.

## **DISCUSSION**

In its Motion for Reconsideration, the Government argued that the Superseding Indictment did not allege that corporate assets were concealed, but instead gave only a detailed description of the personal assets which it believed the Defendants had concealed. After careful review, the court agrees with this analysis.

At the outset the court notes that there is limited caselaw on this matter and none in the Ninth Circuit. However, a review of this caselaw suggests that for a charge of bankruptcy fraud, an indictment need not describe the assets alleged to have been concealed. For example, in *United States v. Webster*, the Seventh Circuit "expressly approved a bankruptcy indictment which did not list any assets at all." 125 F.3d 1024 (7th Cir. 1997) (*citing* Docket No. 82 at 9). In *Webster*, the Seventh Circuit upheld an indictment which stated "[o]n or about March 25, 1991, in the Western District of Wisconsin, the defendant, LESLIE J. WEBSTER, knowingly and fraudulently concealed from a trustee charged with the control and custody of property in connection with a case under Title 11 of the United States Code, property belonging to an estate of a debtor in bankruptcy." *Id.* at 1028-29. The Seventh Circuit held that even though the indictment did not list any of the assets

5

which Mr. Webster was alleged to have concealed, it was still sufficient. For guidance, the Seventh Circuit relied on *Hamling v. United States*, where the United States Supreme Court held that an indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*. at 1029 *(citing Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Here, the language of the Superseding Indictment not only contains the elements of the offense charged and tracks the language of 18 U.S.C. § 152(1), but it also puts the Defendants on notice of the assets the Government intended to prove the Defendants knowingly and fraudulently concealed. The Superseding Indictment explicitly lists that the property "belonged to the estate of the debtor" and then goes on to describe the specific property that the Government alleges to have been concealed.

The court finds that the assets described in the Superseding Indictment describe personal assets, and not corporate assets. The language preceding the assets described helps to clarify this situation. The Superseding Indictment defines 'estate of a debtor' to mean "all rights, title, share, or interests in property owned by the debtor at the time a bankruptcy petition was filed." (*See* Docket No. 29 at 2).

The Superseding Indictment states "JUAN C. TENORIO and CHARLENE F. TENORIO...did knowingly and fraudulently conceal from the trustee...property belonging to the estate of the debtors, JUAN C. TENORIO and FRANCES C. TENORIO [sic.], to wit:..." (*See* Docket No. 29 at 3). This language clearly refers to the personal property of the debtors, and not any asset of the Defendants' corporation. How, and to what extent, the Defendants treated this

6

property as their own and used it as their own personal asset was a question of fact, for the jury to decide.

The Defendants argued that the language describing accounts receivable in the amount of $74,817.05 in the Superseding Indictment proved that the asset was a corporate asset. However, after close analysis, the court does not believe this is so. It is clear that the accounts receivable was believed to be a personal asset since it was pled as belonging to the estate of the debtor.[5]

As noted, the Government is not required to list or describe any particular asset in the indictment at all. The Second Circuit held in *Kanner v. United States* that "with respect to the crime of concealing bankruptcy assets, 'one which is peculiarly within the bankrupt's own knowledge, and one which may be committed under circumstances which render impossible a description of the assets concealed,' it is permissible 'to excuse particularity of description' and to use general terms." *Webster* at 1030, *citing Kanner v. United States* 21 F.2d 285, 287 (2nd Cir. 1927). In *Kanner*, the court upheld an indictment that alleged the concealment of "moneys and properties then and there belonging to the estate of the bankrupt." *Kanner* at 287.

Clearly, the Superseding Indictment in the case at bar alleges the necessary elements of the crime of Bankruptcy Fraud, as listed in 18 U.S.C. § 152(1). (*See* Docket No. 29). The language following the "to wit: accounts receivable of approximately $74,817.05" in the Superseding Indictment, is further specification as to which $74,817.05 of the Defendants' assets the Government

---

[5] During the course of the trial, it was revealed that Debtor Juan C. Tenorio represented that those assets were his own. For example, he listed the accounts receivable as personal assets in order to secure a personal bank loan from the Bank of Guam.

7

planned to prove were concealed.

Moreover, when comparing the language of the original Indictment to the Superseding Indictment, it becomes evident that the Defendants were on notice that the Government considered the accounts receivable as a personal asset as opposed to a corporate asset. In the original Indictment, the first count stated that the asset the Government believed the Defendant concealed was a corporate asset. For example, the language stated the property was "belonging to the estate of the debtors, Juan C. Tenorio & Associates, Inc." In addition, the first count stated "JUAN C. TENORIO did knowingly and fraudulently conceal from the trustee charged with the control and custody of property and creditors of the debtor in a bankruptcy proceeding under Title 11, United States Code, entitled <u>In Re</u> Juan C. Tenorio & Associates, Inc., Case Number 99-00084...to wit: accounts receivable of approximately $199,817.05..." (*See* Docket No. 1 at 3).

In contrast, the second count of the original Indictment listed an asset that the Government believed was a personal asset. The second count stated that the property alleged to have been concealed was "belonging to the estate of the debtors, JUAN C. TENORIO and FRANCES C. TENORIO [sic.]." The second count also stated in relevant part that "JUAN C. TENORIO and CHARLENE F. TENORIO, aided and abetted each by the other, did knowingly and fraudulently conceal from the trustee charged with the control and custody of property and creditors of the debtor in a bankruptcy proceeding under Title 11, United States Code, entitled <u>In Re</u> JUAN CRUZ TENORIO AND CHARLENE FRANCES TENORIO, Case Number 02-00096...to wit: accounts receivable of approximately $74,817.05..." (*See* Docket No. 1 at 4).

The first count of the original Indictment references the corporate bankruptcy filing of Juan C. Tenorio & Associates Inc. (Case No. 98-00084), while the second count references the personal

8

bankruptcy filing of both Juan C. Tenorio and Charlene F. Tenorio (Case No. 02-00096). This language clearly distinguishes between corporate assets and personal assets. Even though both reference accounts receivable, the first count lists an asset which should have been included on the corporate bankruptcy filing, while the second count lists an asset which should have been included on the personal bankruptcy filing.[6]

## CONCLUSION

Based upon the foregoing, the court hereby reverses its previous ruling and **GRANTS** the Governments' Motion for Reconsideration, and overrules the objection to the admission of evidence. **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Jan 07, 2008**

---

[6] It is also worth noting that accounts receivable listed in the first count of the Indictment were not mentioned in the Superseding Indictment. It may be inferred that the Government realized that these were corporate assets, and decided only to include personal assets in the Superseding Indictment.