LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

JAN 10 2008 

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00078 |
| Plaintiff, | |
| vs. | GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL |
| JUAN C. TENORIO, | |
| Defendant. | |

A. <u>The Standard Under FedRCrimP 29</u>

Defendant Juan C. Tenorio has moved this Court for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. When considering a motion for acquittal under Rule 29, the district court must view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the government. Evidence at trial is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Mason, 902 F.2d 1434, 1441 (9th Cir. 1990)(quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In ruling on a Rule 29 motion, "a district court must bear in mind that 'it

is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002)(quoting United States v. Rojas, 554 F.2d 938, 943 (9thCir. 1977)).

### B. The Government Introduced Sufficient Evidence for a Rational Trier of Fact To Find the Defendant Guilty of Bankruptcy Fraud as Charged in the Superseding Indictment

The superseding indictment charged that the Defendant committed bankruptcy fraud in violation of 18 U.S.C. § 152(1) by knowingly and fraudulently concealing from the trustee, the U.S. Trustee, and creditors of the debtor certain property belonging to the estate of the debtors, including:

> accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel.

The jury was instructed in the Court's Instruction No. 17 that it could convict the Defendant only if it found that the government had proven the following elements beyond a reasonable doubt: (1) there existed a case in bankruptcy, to wit: In Re Juan Cruz Tenorio and Charlene Frances Tenorio, Case Number 02-00096; (2) the property described in the indictment belonged to the estate of the debtor; (3) the defendant concealed property described in the indictment from the trustee, or the U.S. Trustee, or creditors, with all of you agreeing on at least one particular item of that property that was concealed; and (4) the defendant did so knowingly and with intent to defraud.

The jury was also instructed in the Court's Instruction No. 19 that the term "estate of the debtors" meant any right, title, share, or interest in property owned by the debtors or either of them at the time the bankruptcy petition was filed.

The Defendant contends that there was insufficient evidence for the jury to have found beyond a reasonable doubt that the accounts receivable of approximately $74,817.05 from the

-2-

Tinian Dynasty Hotel belonged to the estate of the debtor. The Defendant asserts that such properties were corporate assets and did not belong to the estate of the defendants. The civil case of Fowler v. Shadel, 400 F.3d 10106 (7th Cir. 2005), relied upon by Defendant, concerned a debtor's attempt to claim vehicles owned by his corporation as his own exempt property. At the time of the bankruptcy filing, Fowler's corporation still existed and still owned the vehicles.

In contrast, here, the evidence at trial showed that the Defendant's corporation, Juan C. Tenorio & Associates, Inc. was no longer in business but rather, first, in Chapter 11 bankruptcy in August 1999, and then Chapter 7 bankruptcy liquidation in December 1999 which overlapped during the time of the Defendant's personal bankruptcy case filed in March 2002. The Chapter 7 corporate bankruptcy case closed in August 2002, and the defendant's personal bankruptcy case closed in April 2004. [See Government Exhibits 1 and 2]. Unlike in Fowler, in the present case, the Defendant's corporation itself had denied ownership of the accounts receivable of $74,817.05 because no such assets were reported in the corporation's bankruptcy petition.

The evidence at trial also showed that the Defendant treated such property as his own personal property. The Defendant claimed such receivables as personal assets in his personal financial statements to the Bank of Guam in 2002 and 2003. [See Government Exhibits 10 and 9]. In addition, prior to filing his personal bankruptcy petition, the Defendant expressly directed personnel from the Tinian Dynasty Hotel to make payments to him personally for deposit to his Bank of Guam personal savings account (#XXXXX5886) - - checks in the aggregate amount of $57,000 were deposited during January 2, 2001 to March 1, 2002. [See Government Exhibits 18, 20, and 32]. Also, prior to filing his personal bankruptcy petition, the Defendant on March 15, 2002, expressly directed Tinian Dynasty Hotel personnel to make payments to one Rita C. Tenorio for deposit in another Bank of Guam account of which the Defendant was a beneficiary. [See Government Exhibits 21, 4, and 5]. As directed by the Defendant checks in the aggregate amount of $74,817.05 were made to and deposited into the account of Rita C. Tenorio during March 26, 2002 to June 3, 2003, while the defendant's personal bankruptcy case was still

-3-

pending. From that amount of $74,817.05, an aggregate amount of $60,750 was applied towards payment of the Defendant's Bank of Guam loan which in part mortgaged his personal residence. [See Government Exhibit 32].

Furthermore, bankruptcy trustee Robert Steffy testified that such accounts receivable should have been disclosed to him during the pendency of the Defendant's personal bankruptcy case for possible distribution to creditors. As well, attorney Curtis Ching with the U.S. Trustee's Office testified that such accounts receivable were property belonging to the estate of the debtors.

The evidence at trial has shown that the Defendant did not treat the accounts receivable of approximately $74,817.05 from the Tinian Dynasty Hotel as corporate assets. Rather, the Defendant claimed them as his personal assets, controlled them and derived a benefit from them.

For the foregoing reasons, the defendant's motion for judgment of acquittal should be denied.

RESPECTFULLY SUBMITTED this 10th day of January 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

-4-