(ryu)


HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

FILED
DISTRICT COURT OF GUAM

JAN 24 2008

JEANNE G. QUINATA
Clerk of Court

Attorney for Defendants

## DISTRICT COURT OF GUAM

-----------

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No 07-00078 |
| Plaintiff, | REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT |
| vs. | JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL |
| JUAN C. TENORIO and CHARLENE F. TENORIO, | |
| Defendants. | |

-----------

THE ACCOUNTS RECEIVABLE FROM A CONTRACT BY AND BETWEEN JUAN C. TENORIO & ASSOCIATES, INC. AND HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED WERE NOT PROPERTY BELONGING TO THE ESTATE OF THE DEFENDANTS.

A. *Property acquired by fraud.*

"Bankruptcy trustees have been held to have no interest in property

acquired by fraud of bankrupts, as against the rightful owners of the property. . . . The principle underlying this rule is that the creditors should not benefit from fraud at the expense of those who have been defrauded." (*In re North Am. Coin & Currency, Ltd.*, 767 F.2d 1573, 1576 (9th Cir. 1985)(citations omitted.), *amended*, 774 F.2d 1390, *cert. denied*, 475 U.S. 1083 (1986).)

    B.    *Non sequiturs.*

1.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "the Defendant's corporation, Juan C. Tenorio & Associates, Inc. was no longer in business." (Gov't's Opp'n to Def. Juan C. Tenorio's Mot. for a J. of Acquittal 3 (filed Jan. 10, 2008).)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of

2

(REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

Defendants, does not follow from the premise, that "the Defendant's corporation, Juan C. Tenorio & Associates, Inc. was no longer in business."

2.

The government argues that "the Defendant's corporation itself had denied ownership of the accounts receivable of $74,817.05 because no such assets were reported in the corporation's bankruptcy petition." (*Id.*)

The conclusion, that "the Defendant's corporation itself had denied ownership of the accounts receivable of $74,817.05," does not follow from the premise, that "no such assets were reported in the corporation's bankruptcy petition."

3.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "no such assets were reported in the corporation's bankruptcy petition." (*Id.*)

3

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "no such assets were reported in the corporation's bankruptcy petition."

4.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "the Defendant treated such property as his own personal property." (*Id.*)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "the Defendant treated such property as his own personal property."

4

5.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "Defendant claimed such receivables as personal assets in his personal financial statements to the Bank of Guam in 2002 and 2003." (*Id.*)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "Defendant claimed such receivables as personal assets in his personal financial statements to the Bank of Guam in 2002 and 2003."

6.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of

5

Defendants, because "the Defendant expressly directed personnel from the Tinian Dynasty Hotel to make payments to him personally for deposit to his Bank of Guam personal savings account." (*Id.*)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "the Defendant expressly directed personnel from the Tinian Dynasty Hotel to make payments to him personally for deposit to his Bank of Guam personal savings account."

7.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "Defendant on March 15, 2002, expressly directed Tinian Dynasty Hotel personnel to make payments to one Rita C. Tenorio for deposit in another Bank of Guam account of which the Defendant was a beneficiary." (*Id.*)

6

(REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "Defendant on March 15, 2002, expressly directed Tinian Dynasty Hotel personnel to make payments to one Rita C. Tenorio for deposit in another Bank of Guam account of which the Defendant was a beneficiary."

8.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "[a]s directed by the Defendant checks in the aggregate amount of $74,817.05 were made to and deposited into the account of Rita C. Tenorio." (*Id.*)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment

(Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "[a]s directed by the Defendant checks in the aggregate amount of $74,817.05 were made to and deposited into the account of Rita C. Tenorio."

9.

The government argues that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, because "[f]rom that amount of $74,817.05, an aggregate amount of $60,750 was applied towards payment of the Defendant's Bank of Guam loan which in part mortgaged his personal residence." (*Id.* at 4.)

The conclusion, that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants, does not follow from the premise, that "[f]rom that amount of $74,817.05, an aggregate amount of $60,750 was applied towards payment of the

(REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

Defendant's Bank of Guam loan which in part mortgaged his personal residence."

C.  *Robert J. Steffy.*

The government refers to the testimony of Robert J. Steffy. (Gov't's Opp'n to Def. Juan C. Tenorio's Mot. for a J. of Acquittal 4 (filed Jan. 10, 2008).)

Did Mr. Steffy testify that the accounts receivable from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited were property belonging to the estate of Defendants?

Here is what Mr. Steffy had to say:

> Q. (BY MS. DAVID:) This is a multi-page exhibit including several checks addressed to Juan C. Tenorio from payor Overseas Investment Limited, d/b/a/, Tinian Dynasty Hotel and Casino. . . .
>
> Have you seen these checks . . . when you were bankruptcy trustee in this case?
>
> A. No.
>
> Q. As bankruptcy trustee in this case, was this information that you needed in this, in the bankruptcy case?

9

(REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

> MR. TRAPP: Objection, Your Honor. There's no foundation laid as to, you know, what these are, and whether he knows even what they are. And how can he form an opinion.
>
> THE COURT: All right, the court will sustain the objection.
>
> Do you want to just rephrase the question?
>
> Q. (BY MS. DAVID:) Would checks made payable to Juan C. Tenorio have been *relevant* in a bankruptcy case where you were trustee of that case?
>
> A. Yes.
>
> Q. And . . . why is that the case?
>
> A, Well, the petition lists the income of the debtors, . . . and any information relative to that income would have been *something that I would have been interested in.*

(Tr. of Witness 17-18 (filed Jan. 10, 2008)(emphasis added).)

D.  *Curtis Ching.*

The government contends that "Curtis Ching with the U.S. Trustee's Office testified that such accounts receivable were property belonging to the estate of the debtors." (Gov't's Opp'n to Def. Juan C. Tenorio's Mot. for a J. of

10

Acquittal 4 (filed Jan. 10, 2008).)

>Did he?

>Here is what Curtis Ching had to say:

>>[MR. TRAPP:] ... I'm talking about the money that's reflected in those checks in those deposits?

>>A. The Tinian checks and deposits?

>>Q. Yes.

>>A. Okay.

>>Q. And isn't it true that that would be property belonging to the estate of the debtors only *if* the debtors owned that money?

>>A. If they assert a claim; *if* they have an interest.

>>Q. They wouldn't have to own it?

>>A. *They have to have an interest.*

>>Q. Well, now we're playing with words. Isn't an interest meaning that they have an ownership interest?

>>A. Yes, *if* they have an ownership interest.

>>Q. Okay.

11

> A. Because as I was saying before, the definition of the property of the debtor estate is an equitable legal claim *and interest* of the debtor.
>
> Q. People could claim things that they don't own, right?
>
> A. They may.
>
> Q. I could go downstairs and claim somebody's car downstairs and claim that I own it, and I never saw it before?
>
> A. You don't really have a claim to it.
>
> Q. Well, yes, but, you know, people can claim things; right? That doesn't mean that they own them.
>
> A. Yes, but if they have—if they claim an ownership in it, then—
>
> Q. Then what?
>
> A. Then it becomes property of the estate.
>
> Q. All they have to do is claim something, and then they suddenly own it?
>
> A. No. They claim an ownership interest, some interest in it. You don't have to own the entire thing, you don't have to have a complete ownership, but if you have an interest in an item, then that becomes—that claim

> becomes property of the estate.
>
> Q. *Are you saying that claiming something is the same thing as owning it?*
>
> A. *No,* I'm saying that—
>
> Q. Fine.
>
> A. *So what I'm saying is that if you claim an ownership in something, if you have an ownership interest in something—*
>
> Q. *If you claim it, you should report it; that's what you're saying, right?*
>
> A. *Yes.*
>
> Q. Okay. *But even though you should have reported it, it doesn't mean you own it; right?*
>
> A. You may have—*that's correct. You're right, if you claim it, it doesn't mean you own it.*
>
> MR. TRAPP: Thank you very much.

(Tr. of Witness 85-87 (filed Jan. 10, 2008)(emphasis added).)

(REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN C. TENORIO'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 07-00078

## CONCLUSION

The motion of Defendant Juan C. Tenorio—for an order setting aside the verdict of guilty and entering a judgment of acquittal—must be granted.

Dated, Hagåtña, Guam.

January 24, 2008.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

14

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on January 24, 2008, I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2008, at Hagåtña, Guam.

_____
REINA Y. URBIEN