IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00078 |
|---|---|---|
| Plaintiff, | ) ) ) | **DECISION AND ORDER ON DEFENDANT'S** |
| vs. | ) ) ) | **MOTION FOR JUDGMENT OF ACQUITTAL** |
| JUAN C. TENORIO and, CHARLENE F. TENORIO | ) ) ) ) | |
| Defendants. | ) ) | |

On December 27, 2007, the Defendant, Juan C. Tenorio, filed a Motion for Judgment of Acquittal with this court on the grounds that the evidence in the case was insufficient to sustain a conviction. The Motion was based on the jury verdict of Guilty, issued on December 19, 2007. (*See* Docket No. 96). After reviewing the briefs submitted by both parties and reviewing applicable case law concerning the issue, the court **DENIES** the Motion. The court herein memorializes the bases for its decision.

## BACKGROUND

On March 20, 2002, Defendants Juan C. Tenorio and Charlene F. Tenorio filed a voluntary petition for personal bankruptcy in the United States Bankruptcy Court in the District of Guam.

(*See* Bankruptcy Case No. 02-00096, Docket No. 1).[1] On April 15, 2004, they received a Discharge, and on the same day the court issued an Order Approving of the Trustee's Report of No Distribution and Closing Case. (*See* Docket Nos. 7 and 8).

On August 15, 2007, the Defendants were indicted in the Federal District Court of Guam on four counts of bankruptcy fraud, arising out of their 2002 personal bankruptcy filing. (*See* Docket No. 1). On September 26, 2007, a Superseding Indictment was filed with the court, alleging a single count of bankruptcy fraud, wherein the Defendants were alleged to have knowingly and fraudulently concealed three individual assets that they should have listed in the 2002 bankruptcy petition. The assets described in the Superseding Indictment were:

> (1) accounts receivable of approximately $74,817.05 from a contract between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel,

(2) interest in Knights of Columbus insurance policies, to wit:

| Policy No. | Insured | Owner |
|---|---|---|
| H64940 | Juan Tenorio | Juan Tenorio |
| P39817 | Juan Tenorio | Juan Tenorio |
| J57033 | Charlene Tenorio | Charlene Tenorio |

and (3):

---

[1] On August 25, 1999, Juan C. Tenorio & Associates, Inc., filed a Chapter 11 bankruptcy Petition in the Bankruptcy Court in the District of Guam. *See* In Re Juan C. Tenorio & Associates, Inc., Case No. 99-00084. The case was converted to a Chapter 7 liquidation on December 7, 1999. *See* Docket No. 13.

2

Case 1:07-cr-00078   Document 107   Filed 02/26/08   Page 2 of 6

> LOT NUMBER 209-R01-3, TRACT NUMBER 22197, ROTA, MP, containing an area of approximately 2,000 square meters, under which the basic lot is shown as Lot Number 209 R 01, located in Gaganin Hulo, Rota Municipality, Commonwealth of the Northern Mariana Islands, on the Drawing/Cadastral Plat Number 209 R00, the original of which was registered with the Commonwealth Recorder's Office under File Number 89-3204, on September 25, 1989.

(*See* Docket No. 29 at 3-4).

On December 6, 2007, this case came before the court for jury trial. On December 19, 2007 the jury reached a verdict in the case and found Juan C. Tenorio guilty on the first count of the Superseding Indictment, and Charlene F. Tenorio guilty of the second count of the Superseding Indictment. (*See* Docket Nos. 96 and 97). On December 27, 2007, the Defendant filed a Motion for Judgment of Acquittal for Juan C. Tenorio, based on the jury's verdict.

## **DISCUSSION**

The Defendant now moves this court for judgment of acquittal as to the Bankruptcy Fraud count pursuant to Federal Rule of Criminal Procedure 29(c).[2] In viewing the evidence under a Rule 29 motion, the court must consider it in the light most favorable to the Government. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(holding that in the considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government) *see also United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072-73 (9th Cir. 1995)(whether "any" rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

The jury returned a verdict of guilty of the first charge of bankruptcy fraud in connection

---

[2]**Rule 29 ( c) After Jury Verdict or Discharge.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

3

to:

> (1) accounts receivable of approximately $74,817.05 from a contract between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel

The Defendant argues that the court should enter a judgment of acquittal because the property described in the Superseding Indictment described property of the Defendant's corporation, and not the actual property of the Debtor. As such, it should not have been considered in a personal bankruptcy fraud case, and was irrelevant. (*See* Docket No. 99 at 2).

The Government argues that the jury was given the proper elements of the crime of bankruptcy fraud, and received proper instructions as to the definition of "estate of the debtor." (*See* Docket No. 103 at 2-3). Additionally, the Government argued that the property described in the Superseding Indictment was the debtors' personal property and that the debtors treated it as their own. (*See* Docket No. 103 at 3). As such, it was proper for the jury to consider that charge of the Superseding Indictment and that upon hearing the evidence, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072-73 (9th Cir. 1995).

At the outset the court notes that there is limited caselaw concerning the charge of bankruptcy fraud and none in the Ninth Circuit. However, a review of this caselaw suggests that for a charge of bankruptcy fraud, an indictment need not describe the assets alleged to have been concealed. For example, in *United States v. Webster*, the Seventh Circuit "expressly approved a bankruptcy indictment which did not list any assets at all." 125 F.3d 1024 (7th Cir. 1997) (*citing* Docket No. 82 at 9). In *Webster*, the Seventh Circuit upheld an indictment which stated "[o]n or

4

about March 25, 1991, in the Western District of Wisconsin, the defendant, LESLIE J. WEBSTER, knowingly and fraudulently concealed from a trustee charged with the control and custody of property in connection with a case under Title 11 of the United States Code, property belonging to an estate of a debtor in bankruptcy." *Id.* at 1028-29. The Seventh Circuit held that even though the indictment did not list any of the assets which Mr. Webster was alleged to have concealed, it was still sufficient. For guidance, the Seventh Circuit relied on *Hamling v. United States*, where the United States Supreme Court held that an indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*. at 1029 *(citing Hamling v. United States*, 418 U.S. 87, 117 (1974))*.

Here, the language of the Superseding Indictment contained the elements of the offense charged and tracked the language of 18 U.S.C. § 152(1). The Superseding Indictment explicitly listed the property that "belonged to the estate of the debtor" and then goes on to describe the specific property that the Government alleged to have been concealed.

The Superseding Indictment stated "JUAN C. TENORIO and CHARLENE F. TENORIO...did knowingly and fraudulently conceal from the trustee...property belonging to the estate of the debtors, JUAN C. TENORIO and FRANCES C. TENORIO [sic.], to wit:..." (*See* Docket No. 29 at 3). This language clearly referred to the personal property of the debtors, and not any asset of the Defendants' corporation. How, and to what extent, the Defendants treated this property as their own and used it as their own personal asset was a question of fact, for the jury to decide.[3]

---

[3] During the course of the trial, it was revealed that Debtor Juan C. Tenorio represented

5

Based upon the evidence presented at trial, the court finds there was a sufficient basis for the jury to find beyond a reasonable doubt that the Defendant committed bankruptcy fraud in violation of 18 U.S.C. § 152(1) by knowingly and fraudulently concealing from the trustee, property belonging to the estate of the debtor. *See United States v. Mason*, 902 F.2d 1434, 1441 (9th Cir. 1990) (A judgment of acquittal is not appropriate if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

## CONCLUSION

Based upon the foregoing, the court hereby **DENIES** the Defendant's Motion for Judgment of Acquittal. The sentencing for Defendants Charlene F. Tenorio and Juan C. Tenorio currently scheduled for March 19, 2008 are hereby rescheduled to June 2, 2008 at 9:00 a.m.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Feb 26, 2008**

---

that those assets were his own. For example, he listed the accounts receivable as personal assets in order to secure a personal bank loan from the Bank of Guam.