

# MARQUETTE
UNIVERSITY

July 8, 2008

The Honorable Frances M. Tydingco-Gatewood
Chief Judge, District Court of Guam
U.S. Courthouse, 4th Floor
520 West Soledad Avenue
Hagåtña, Guam 96910

FILED
DISTRICT COURT OF GUAM

JUL 25 2008

JEANNE G. QUINATA
Clerk of Court

Re: *United States vs. Juan C. Tenorio, CR 07-00078, District Court of Guam*

Dear Judge Tydingco-Gatewood:

I write with respect to Juan C. Tenorio, who, as I understand the matter, will shortly be appearing before you for sentencing in the matter referred to above. I am beginning my thirteenth year as president of Marquette University, Juan Tenorio's <u>alma mater</u> as well as your own, and have had extensive conversations with him at several points during this period when he has been back to the university for a visit. He sent his two daughters here for college back in the 1980's and in the years before his bankruptcy he was quite generous to Marquette. Indeed, out of the substantial number of alums that live there in Guam I think he still may be our most generous donor. I have enjoyed the contacts Juan and I have had over the years and feel badly about the predicament that he and his wife now find themselves. From my contacts with him it is hard to believe that this mess could have happened to him, and I am certainly eager to help him as best I possibly can in this difficult situation.

Let me make mention of some of the other good things that Mr. Tenorio has done beyond the care that he has had for his alma mater and our present and future students. He is a retired colonel in the US Army Reserve, and during his two years of active service and thirty years of service in the reserve he received, as his record clearly must indicate, a variety of military awards and decorations. This is a man who has served his homeland and his country generously and well. He has also worked to promote education and the welfare of Guam's young people, serving as Founding Chair of the Board of Trustees of the Guam Community College and providing financial help to such groups as the Guam Baby Ruth League and the Guam Little League and Bambino League baseball teams. I would also note his assistance to various Kamalen Karidad projects and the effort that he has made over the years to be helpful, especially as an engineer, to several different Catholic parishes and Catholic-related organizations on Saipan, Guam and elsewhere in the area. And, it is certainly important to note, he has been a good family man who has been married to his wife, Charlene, for forty-five years and who is very proud of his two daughters and five grandchildren.

Ever since his graduation from Marquette in 1962 Juan has been a practicing engineer, and the excellence of his work in that profession has been positively recognized in a variety of

ways, not least by Marquette's College of Engineering when 1996 they conferred upon him their annual Professional Achievement Award in that field. Besides the many successful projects that he has been associated without during his career, he also published back in 1985 two design standards manuals for the U.S. Army relevant to the situation on Guam and he also published in 1992 under the auspices of the American Society of Engineers an article on reducing in construction projects the risk of loss from severe typhoons. In short as an engineer, Mr. Tenorio has been gifted professional, whose skills have been well-recognized in a variety of quarters.

But while that is so, in my most recent meeting with him a couple of months ago I came away wondering about his business and financial skills and found myself asking whether it was because of this that he has gotten into the problematic situation that the court has been dealing with. You see, I think he is still mystified about what the bankruptcy laws demand and the financial details associated with his own bankruptcy. And while clearly an expert in engineering, he seemed to me surprisingly unsophisticated in his knowledge of business and legal matters. Now I am no expert myself in such matters, but I have been in charge of several complex organizations during the last thirty years, and it seemed to me that Juan as a businessman should have been more at home with all of this than I at least found him to be. True, for a practicing engineer to be limited in terms of business skills is, I think, not so uncommon, but most engineers, unless they have had solid graduate-level business training, end up partnering with others to remedy such deficiencies. However, it does not seem that Juan has done that. I am well aware that in the present instance a jury of his peers found him guilty of one count of bankruptcy fraud. Based on my knowledge of Mr. Tenorio, however, I cannot help but wonder if in this present matter he really ever has understood what is at stake and I therefore find it difficult to imagine that he was willfully trying to get away with something in this matter.

I therefore hope very much that in weighing how best to sentence in this case you will lean strongly toward lenience. My strong sense of Juan Tenorio is that he has been and is a good man who has tried quite consistently to accomplish good things for our larger human family, whether it be for his own children and grandchildren, or his professional clients and the other people there on Guam and Saipan whom he has sought to assist in various ways, or as a military officer serving the citizens of our country, or as a donor providing generous help for Marquette's College of Engineering. Given all of this and in consideration of his age and all that he has suffered from his straitened financial situation, I respectfully urge as much leniency in this case as is possible.

Thank you sincerely for your own careful and generous effort to advance the cause of justice in your part of the world and for your consideration of what I have had to say here.

Sincerely

*Robert Wild, SJ*

Robert A. Wild, SJ